1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5

6

7

8   **JOHN RODGERS, an individual,**               Case No.: **13-CV-5496 YGR**

9          **Plaintiff,**                          **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE, SETTING COMPLIANCE HEARING**

10          **v.**

11  **CLAIM JUMPER RESTAURANT, LLC, *et al.*,**

12          **Defendants.**

13

14          Plaintiff John Rodgers, an individual, brings this action against Defendant Claim Jumper

15  Restaurant, LLC, Landry's, Inc., Equity One, Inc., and Does 1 through 20, inclusive

16  ("Defendants").  Plaintiff alleges civil rights discrimination in violation of the Americans with

17  Disabilities Act, 42 U.S.C. section 12101 *et seq.*, and California Disabled Rights Statutes,

18  California Civil Code sections 51, 52, 54, 54.1, 54.3, and Health & Safety Code sections 19955 *et*

19  *seq.*  (Dkt. No. 1.)  On March 24, 2014, Plaintiff filed a Motion to Strike Affirmative Defenses

20  from Answer of Defendants Claim Jumper Restaurant, LLC and Landry's, Inc., on the grounds that

21  such defenses are insufficiently pled, state legal conclusions without factual support, are immaterial

22  or impertinent to Plaintiff's claims, or are simply not affirmative defenses.  (Dkt. No. 17.)

23          Having carefully considered the papers submitted and the pleadings in this action, and for

24  the reasons set forth below, the Court hereby **DENIES** the Motion to Strike Affirmative Defenses.[1]

25

26

---

27  [1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds
this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the

28  hearing set for **May 6, 2014.**

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

## LEGAL STANDARD

Fed. R. Civ. P. 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A defense may be insufficient as a matter of pleading or a matter of law.  *Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  What constitutes fair notice depends on the particular defense in question.  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ("FPP") § 1381 (3d ed. 2004).  While a defense need not include extensive factual allegations in order to give fair notice (*Security People, Inc.*, 2005 WL 645592, at *2) bare statements reciting mere legal conclusions may not be sufficient.  *CTF Development, Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009).  Because motions to strike a defense as insufficient are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent."  FPP § 1381; *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ("Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike.").

To strike an affirmative defense, the moving party must demonstrate "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."  *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (quoting *Sands*, 902 F. Supp. at 1165).  "The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice."  *Sands*, 902 F. Supp. at 1165.  When considering a motion to strike, the court "must view the pleadings in a light most favorable to the pleading party."  *In re 2TheMart.com, Inc. Securities Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).  Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party.  *Wyshak*, 607 F.2d at 826; *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

United States District Court
Northern District of California

1    Although the Ninth Circuit has not yet addressed the issue, numerous courts in the Northern

2    District of California have applied the *Iqbal-Twombly* pleading standard to affirmative defenses.

3    *See e.g.*, *Prime Media Group LLC v. Acer Am. Corp.*, No. 12-cv-05020 EJD, 2013 WL 621529, at

4    *2 n.2 (N.D. Cal. Feb. 19, 2013); *Ansari v. Elec. Document Processing, Inc.*, No. 12-cv-01245-

5    LHK, 2013 WL 664676, at *2–3 (N.D. Cal. Feb. 22, 2013); *Diamond State Ins. Comp. v. Marin*

6    *Mountain Bikes Inc.*, No. C 11-5193 CW, 2012 WL 6680259, at *7 (N.D. Cal. Dec. 21, 2012);

7    *Pagemelding Inc. v. ESPN Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *3 (N.D. Cal. Sept.

8    6, 2012).  "Applying the standard for heightened pleading to affirmative defenses serves a valid

9    purpose in requiring at least some valid factual basis for pleading an affirmative defense and not

10   adding it to the case simply upon some conjecture that it may somehow apply." *Barnes v. AT & T*

11   *Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (citations

12   omitted).  Holding defendants to the same pleading standard as plaintiffs generally ensures practical

13   efficiency, fairness, and increased clarity for the ensuing litigation.

14        Here, Plaintiff's pending Motion to Strike presents none of these benefits.  Requiring

15   Defendants to re-plead their affirmative defenses now will not further the resolution of Plaintiff's

16   claims, nor does it impede Plaintiff's ability to prosecute his case.  Northern District of California

17   General Order 56 sets in place expedited deadlines and procedures for the resolution of Americans

18   with Disabilities Act access litigation.  Paragraph 2 of General Order 56 pertains to the parties'

19   Rule 26 initial disclosures:  should a defendant intend to dispute liability, he/she is required to

20   provide all information in his/her control relating to that defense by a particular date.  Requiring

21   Defendants to re-plead their affirmative defenses at this juncture will only to embroil the parties

22   and this Court in needless motion practice, which General Order 56 was designed to avoid.

23   Moreover, Plaintiff's complaint that Defendants' affirmative defenses lack sufficient detail rings

24   hollow.  The Court has reviewed the Complaint in detail and finds the allegations therein as

25   detailed as those presented in Defendants' affirmative defenses; there is no lack of parity between

26   the parties.  Plaintiff will not be heard now to complain that Defendant should be held to a

27   different, higher standard.

28

Accordingly, the Court declines to strike any of Defendants' affirmative defenses and **DENIES** Plaintiff's motion.  The parties are furthermore **ORDERED** to file statements of no more than two pages no later than **May 9, 2014** affirming that they have read and are abiding by the provisions set forth in General Order 56 and the Scheduling Order for Cases Asserting Denial of Right of Access Under Americans with Disabilities Act (Dkt. No. 4).  A hearing on the parties' compliance with General Order 56 and the Scheduling Order is hereby set for **May 16, 2014** at **9:00 a.m**.  If the Court is satisfied with the parties' statements, the compliance hearing will be vacated.

      **IT IS SO ORDERED**.

Date: May 1, 2014

                                **YVONNE GONZALEZ ROGERS**
                                **UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California