Jason G. Gong (SBN 181298)
LAW OFFICE OF JASON G. GONG
*A Professional Corporation*
2121 N. California Blvd., Suite 290
Walnut Creek, CA  94596
Telephone:  (925) 735-3800
Facsimile: (925) 735-3801
Email: jgong@gonglawfirm.com

Attorney for Plaintiff JOHN RODGERS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RODGERS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>CLAIM JUMPER RESTAURANT, LLC, LANDRY'S, INC., EQUITY ONE, INC., and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 4:13-cv-05496-YGR<br><br>**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' OPPOSITION TO MOTION FOR ATTORNEY'S FEES, LITIGATION EXPENSES, AND COSTS**<br><br>Date:    March 17, 2015<br>Time:    2:00 p.m.<br>Place:    Courtroom 1<br>Judge:   Hon. Yvonne Gonzalez Rogers |

### I. INTRODUCTION

A fee award should never be viewed as a gift, but rather, as just compensation to the prevailing party for successfully vindicating an important public right.  *Blackwell v. Foley*, 724 F.Supp.2d 1068, 1085-86 (N.D. Cal. 2010).  It is undisputed that plaintiff John Rodgers is the prevailing party in this case.  Plaintiff achieved full and complete injunctive relief against the landlord and tenant defendants when he secured separate settlement agreements with the landlord defendant (Equity One, Inc.) and the tenant defendants (Claim Jumper and Landry's, Inc.) for injunctive relief.  The settlement agreements required defendants to remove all interior and exterior architectural barriers at Claim Jumper and in the immediate areas outside of the restaurant that prevented plaintiff and other similarly-situated individuals from accessing defendants' accommodations in a full and equal manner as mandated by the Americans with

Disabilities Act ("ADA") and California access laws.  Plaintiff also secured an additional award of statutory damages in the amount of $10,000.00, which in the context of access litigation, has been viewed by courts as "a significant civil rights victory."  *Blackwell*, 724 F.Supp.2d at 1077; *Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir. 2002).

As the prevailing party, Plaintiff is entitled to recover his reasonable attorney's fees, litigation expenses, and costs incurred in the prosecution of his case against defendants.  *See Lovell v. Chandler*, 303 F.3d 1039, 1058-59 (9th Cir. 2002); 42 U.S.C. Section 12205.  With respect to attorney fees, plaintiff has provided evidence of the prevailing market rates in the relevant community.  Plaintiff's evidence establishes that a reasonable market rate for the attorney's fees he has incurred is $525/hour.  Plaintiff has also provided sufficient evidence to demonstrate that the number of hours expended on the litigation is reasonable under the circumstances.  Finally, plaintiff has provided significant evidence to support an award of his legal expenses and costs.

Defendants attempt to undermine plaintiff's market rate and compensable number of hours by relying on faulty and unsupported assumptions and inapplicable legal principles.  All of defendants' faulty assumptions and incorrect legal theories fail and should be rejected.  The fact of the matter is that defendants' premises were inaccessible before plaintiff commenced his action to compel compliance with the ADA and California access laws.  Defendants are now required to make their accommodations fully accessible, and they have paid significant statutory damages to plaintiff.  That, as one court has observed, is the "end of [the] story."  *Blackwell*, 724 F.Supp.2d at 1077.  Accordingly, having met his burden, plaintiff requests that the Court grant his motion in its entirety and fully compensate him for the attorney's fees, litigation expenses, and costs incurred in the prosecution of this case.  Plaintiff seeks an award of attorney's fees in the amount of $86,992.50, litigation expenses in the amount of $6,160.00, and costs in the amount of $771.00 for a total award of **$93,923.50**.

## II. DISCUSSION

**A.   Plaintiff's Requested Hourly Rate Of $525/hour Is Reasonable.**

Defendants assert that plaintiff's requested hourly rate is "unreasonably high" and should

be drastically reduced to $240/hour. See Opposition at 6-9. This assertion lacks merit and should be rejected.

When determining a reasonable hourly rate for a lawyer's service, "the lodestar looks to the prevailing market rates in the relevant community." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). "The burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). In this case, the relevant community is the Northern District of California, the district where plaintiff filed his case. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Here, plaintiff has provided sufficient and relevant information pertaining to the prevailing market rates in the Northern District of California for attorneys practicing in the area of access litigation under the Americans with Disabilities Act. *See* Gong Decl. in support of Plaintiff's Motion for Attorney's Fees, Litigation Expenses, and Costs ("Gong Decl. to Motion") at ¶¶15-20. Plaintiff has also submitted the declarations of Timothy S. Thimesch and Thomas E. Frankovich. Messrs. Thimesch and Frankovich are established trial attorneys in the area of plaintiff's civil rights and specialize in ADA access litigation. In addition, plaintiff provided a table that summarized hourly market rates for attorneys practicing in the San Francisco Bay Area with experience levels ranging from 11-19 years (1991-2003 graduates). *See id.* at ¶16. These rates have been approved by judges in Northern District of California in ADA access cases. *Id.*

Another case where the Northern District of California has approved attorney hourly market rates in the area of ADA access litigation is *Californians for Disability Rights v. California Dep't of Transportation, et al.*, Case No. 4:06-cv-05125-SBA (MEJ) (Document 528) (December 13, 2010) at pages 19-20. *See* Gong Reply Decl. at ¶4. The table below is a summary of the hourly rates that the Court approved for attorneys with 5-19 years experience at the time of the decision.

///

///

*Rodgers v. Claim Jumper Restaurant, LLC, et al.,* Case No. 4:13-cv-05496-YGR
Plaintiff's Reply to Defendants' Opposition to Motion for Attorney's Fees, Litigation Expenses, and Costs

3

| Grad. Year | Attorney | Hourly Rate | Case | Year Decided | For Years Work Done |
|---|---|---|---|---|---|
| 1991 | Julie Nepveu | $660/hr | *Californians for Disability Rights (CDR)* | 2010 | 2006-2010 |
| 2000 | Jennifer Bezoza | $570/hr | *CDR* | 2010 | 2006-2010 |
| 2001 | Roger Heller | $560/hr | *CDR* | 2010 | 2006-2010 |
| 2003 | Kevin Knestrick | $535/hr | *CDR* | 2010 | 2006-2010 |
| 2003 | Alexius Markwalder | $535/hr | *CDR* | 2010 | 2006-2010 |
| 2004 | Kasey Corbit | $500/hr | *CDR* | 2010 | 2006-2010 |
| 2005 | Mary-Lee Kimber | $475/hr | *CDR* | 2010 | 2006-2010 |

Defendants do not dispute that the table of hourly market rates plaintiff has provided to this Court are the prevailing market rates for the San Francisco Bay Area, and in particular, for attorneys practicing in the area of ADA litigation before the Northern District of California. *See* Gong Reply Decl. at ¶5. Instead, defendants seek a drastic reduction to $240/hour. *See* Opposition at 8-9. Defendants rely entirely on two decisions - one from the year 2008 and the other from 2010 - that awarded the undersigned *defense* fees in the amount of $165/hr. and $265/hr. *See id.* at 6-9. Both cases are inapposite, because they are distinguishable on their facts, were not decided in this judicial district, are far below reasonable market rates in the Northern District, and are not appropriate indicators of the reasonable market rate for plaintiff's attorney in this matter. *See* Gong Reply Decl. at ¶¶6-10. In light of plaintiff's evidence establishing counsel's reasonable hourly rate, plaintiff submits that the Court should determine that the requested rate of $525/hour is reasonable and should be used by the Court to calculate plaintiff's requested fee award.

**B. Defendants' Assertions That Plaintiff's Requested Number Of Hours For Compensation Are Unreasonable Lack Merit And Should Be Rejected.**

**1. <u>Defendants' first assertion</u>**: Defendants assert that the Court should deny all fees incurred by plaintiff after February 21, 2014, because plaintiff made an unreasonable settlement demand. *See* Opposition at 12. This assertion lacks merit, because defendants forget that after plaintiff made his initial demand, he received no acknowledgement from defendants'

1    in-house attorney (Lauren Ware) even after making subsequent attempts to follow up with Ms.
2    Ware. *See* Gong Decl. to Motion at ¶12(e) (filed as Document 42). It is difficult to settle a case
3    if the other side does not talk to you. If Ms. Ware had responded with a counter-offer, then the
4    case could have resolved. However, by choosing not to respond at all, defendants left plaintiff
5    no choice but to prosecute his case.

6    **2.  Defendants' second assertion**: Defendants next assert that plaintiff unreasonably
7    prosecuted his injunctive relief claims against them, because they told plaintiff "in February
8    2014 and repeatedly throughout the litigation" that they do not control the Claim Jumper parking
9    lot or any other parking lots in the shopping center. *See* Opposition at page 13. Defendants
10   claim that all of plaintiff's time that was incurred from May 1, 2014 through November 5, 2014
11   (a total of 47.2 hours) is not recoverable. *See id.* at 13-17. This assertion lacks merit, because it
12   is untrue. *See* Gong Reply Decl. at ¶¶11-15. The fact of the matter is that neither Ms. Ware nor
13   defense counsel Mr. Orlick ever produced to plaintiff documentary evidence establishing that
14   defendants were not responsible for the Claim Jumper parking lot during the period in question.
15   *See id.* at ¶14-16. Thus, plaintiff was reasonable in prosecuting his case against defendants.

16   **3.  Defendants' third assertion**: Defendants assert that the Court should exclude all
17   fees for plaintiff's motion to strike, because plaintiff was unsuccessful on his motion. *See*
18   Opposition at 14. This assertion lacks merit, because as previously explained, plaintiff filed the
19   motion after determining that many of defendants' stated defenses were defective and improperly
20   stated. S*ee* Gong Decl. to Motion at ¶12(f). Strategically, plaintiff filed his motion to compel
21   defendants to either abandon their questionable defenses and/or to restate improperly pleaded
22   defenses. *See id.* In addition, the Court denied plaintiff's motion, but the denial was based on
23   practical considerations to encourage the parties to reach a settlement and was not a denial on the
24   merits. *See id.* at ¶12(g). Furthermore, the Ninth Circuit has rejected defendants' results-
25   oriented approach to determining compensable attorney's fees.

26   In *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991), the Court
27   determined that "plaintiffs are to be compensated for attorney's fees incurred for services that
28   contribute to the ultimate victory in the lawsuit," because it is rare for a litigant not to lose "some

skirmishes on the way to winning the war." *See id.* at 1052-53. The *Cabrales* Court reasoned that "[j]ust as time spent on losing claims can contribute to the success of other claims, time spent on a losing stage of litigation contributes to success because it constitutes a step toward victory." *Id.* at 1052. Accordingly, the Court concluded that "[l]awsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; *losing is part of winning*." *See id.* at 1053 (emphasis added). Here, although plaintiff "lost" his motion, the Court's denial and additional requirement for the parties to convene for the General Order No. 56 joint inspection of Claim Jumper had the desired effect of focusing the parties' attention toward resolving the case. Indeed, by securing full injunctive relief from defendants and then securing an additional settlement for monetary damages, plaintiff in fact, won the war. *See Cabrales*, 935 F.2d at 1052-53. Accordingly, plaintiff's fees incurred for the motion to strike are recoverable and should not be excluded. *See id.*

    **4.**   **Defendants' fourth assertion**: Defendants have identified a total of 6.3 hours of attorney time that they assert are clerical tasks that should be excluded from recovery. *See* Opposition at 15 (listing tasks such as e-filing of a complaint, preparing service packets, and filing a notice of need for mediation and characterizing them as clerical). Defendants' assertion fails for two reasons. First, a review of the specific time entries in questions reveals that the tasks involved are not clerical in nature at all. Second, courts in the Northern District have determined that tasks such as "*filing documents on ECF*, revising and preparing documents referred to in the time records as 'filings,' . . . *finalizing documents* and reviewing emails regarding filings, editing and conferencing regarding exhibits, reviewing declarations . . . *service of documents and notices by clerks* . . . are [not] clerical activities." *See Californians for Disability Rights v. California Dep't of Transportation, et al.*, Case No. 4:06-cv-05125-SBA (MEJ) (Document 528) (Dec. 13, 2010) at pages 24-25; *see also Elder v. National Conference of Bar Examiners*, Case No. 3:11-cv-00199-SI (Document 99) (Sept. 12, 2011) at page 6. Accordingly, plaintiff's fees incurred for the "clerical" tasks at issue are recoverable and should not be excluded.

*///*

**5.      Defendants' fifth assertion**: Defendants next assert that none of plaintiff's fees incurred for the instant motion ("fees on fees") are compensable, because plaintiff's counsel "should have been able to substantially re-purpose" his motion from his work on the *Jankey v. Lee* and *Garner v. Indymac* matters. *See* Opposition at 15-16. This assertion lacks merit and is contrary to Ninth Circuit authority. Specifically, in *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), the Ninth Circuit held that time spent by counsel for the prevailing party to establish a right to a fee award is fully compensable. Defendants' assertion is also contrary to decisions from courts in the Northern District. Specifically, courts have held that "work on a fee motion that is *boilerplate and has been used in other cases for similar purposes is not compensable*." *Californians for Disability Rights*, Case No. 4:06-cv-05125-SBA (MEJ) (Document 528) at page 23 (emphasis added); *Payne v. Bay Area Rapid Transit*, 2009 WL 1626588 at *5 (N.D. Cal. 2009). Accordingly, in light of the foregoing authorities, the Court should reject defendants' assertion. Plaintiff's time spent on his fee motion and reply are well-documented and represent time that was reasonably incurred. *See* Gong Decl. to Motion at ¶11 & Exhibit 1; Gong Reply Decl. at ¶19 & Exhibit 5. Thus, these fees should be awarded.

Defendants make an additional assertion ostensibly to illustrate the "excessive" nature of plaintiff's fee motion and claim that plaintiff's supporting declarations are defective because they are all signed under the penalty of perjury under the laws of California and not the United States as required by 28 U.S.C. Section 1746. *See* Opposition at 16. This assertion fails for two reasons. First, 28 U.S.C. Section 1746 provides that (1) a declaration not executed in the United States must indicate that it is made "under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)" or (2) a declaration executed within the United States need only indicate that it was made "under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". Because the declarations in question were executed within the United States and clearly state they were made "under penalty of perjury" with the statements being true and correct, there was no requirement for the declarants to further state "under the laws of the United States." Plaintiff notes that defendants' own declarations submitted in support of their Opposition also lack the requisite

language and ostensibly are defective. *See* Kenefick Decl. and Ware Decl. Arguably, then, these "defective" declarations should be excluded.

   6. **Defendants' sixth assertion**: Defendants assert that the Court should deny plaintiff's request to recover his expert fees as part of plaintiff's litigation expenses due to a lack of documentation. *See* Opposition at 16-17. However, plaintiff is submitting the appropriate documentation with his reply to support his request to recover his expert fees. *See* Altwal Decl. and accompanying Exhibits. Plaintiff submits this evidence more than adequately substantiates his claim for expert fees. Accordingly, the Court should grant the entire $6,160.00 amount that is requested.

   7. **Defendants' seventh assertion**: Defendants' assertion that 1.6 hours of time should be excluded as inadequately described lacks merit. A review of the time entries in question establishes that the entries are clear and unambiguous and thus, fully compensable.

**C. Defendant's Assertion That Plaintiff's Limited Success Reduces His Fee Recovery Is Without Merit.**

In support of this assertion, defendants claim that plaintiff only achieved 18% success on his damages claim and 45% on his injunctive relief claims. Thus, defendants assert that plaintiff should only recover a portion of the claimed number of attorney hours expended to prosecute this case. *See* Opposition at 18-19. This assertion fails for three reasons. First, defendants ignore the fact that plaintiff achieved 100% success on his injunctive relief claims against both landlord and tenant defendants. Second, plaintiff secured an award of statutory damages in the amount of $10,000.00, which in the context of access litigation, which was "a significant civil rights victory." *Blackwell*, 724 F.Supp.2d at 1077; *Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir. 2002). Third, the Ninth Circuit has rejected the use of mathematical formulas tying the lodestar figure to the total number of issues in a case with those that plaintiff actually prevails upon. *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 485-86 (9th Cir. 1989). The Court reasoned that ratios provide little help in determining a reasonable fee in light of all the relevant factors. *See id.* at 486. Accordingly, defendants attempt to tie the lodestar figure to a mathematical formula should be rejected. Instead, the Court

_____
*Rodgers v. Claim Jumper Restaurant, LLC, et al.,* Case No. 4:13-cv-05496-YGR
Plaintiff's Reply to Defendants' Opposition to Motion for Attorney's Fees, Litigation Expenses, and Costs
8

should consider all of the relevant factors discussed in *Blackwell v. Foley*, 724 F.Supp.2d 1068 (N.D. Cal. 2010) to determine an appropriate award of attorney's fees, litigation expenses, and costs to plaintiff, the prevailing party.

**D.     Plaintiff Is Entitled To Recover His Costs**

Although plaintiff did not initially submit appropriate documentation in support of his claim for expert fees and costs, plaintiff is doing so now in connection to his reply. *See* Gong Reply Decl. at ¶18 and Exhibits 3, 4; Altwal Reply Decl. at ¶14 and Exhibit 5. Because the ADA provides that a prevailing party is entitled to recover his reasonable attorney's fees, litigation expenses, and costs incurred in the prosecution of his case against defendants, Local Rule 54-1 is inapplicable and does not preclude plaintiff from recovering his costs. *See* 42 U.S.C. Section 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058-59 (9th Cir. 2002). Accordingly, as the prevailing party, plaintiff is entitled to recover his litigation expenses and costs.

**E.     Plaintiff's Ability To Recover His Attorney's Fees Is Not Subject To Apportionment**

Defendants assert that plaintiff's settlement with the landlord reduces their share of liability by the amount of the landlord's proportionate share of liability. *See* Opposition at 19-20. This assertion fails for several reasons. First, to the extent defendants' assertion runs afoul of *Cunningham v. County of Los Angeles*, 879 F.2d 481, 485-86 (9th Cir. 1989) by attempting to apply mathematical ratios, the assertion fails. Second, liability of landlords and tenants under the ADA is joint and several. *See Blackwell*, 724 F.Supp.2d at 1075 ("[A]ll Defendants signed the Consent Decree; and all are jointly and severally responsible for Plaintiff's attorney fees"). Under the ADA and California law, defendants' liability to a prevailing plaintiff for attorney's fees and costs is likewise joint and several. *See id.* (citing cases); *see also Delson v. CYCT Mgmt Group, Inc.*, Case No. 3:11-cv-03781-MEJ (Document 45) (Apr. 30, 2013) at page 15. Third, a court may properly award fees against one defendant for time spent litigating against another. *See Blackwell*, 724 F.Supp.2d at 1075; *Californians for Responsible Toxics Mgmt. v. Kizer*, 211 Cal.App.3 961, 976 (Cal. Ct. App. 1989). For the foregoing reasons, defendants additional assertion that they are entitled to an additional 32% reduction for tenant areas likewise fails.

///

## III. CONCLUSION

Plaintiff seeks an award of attorney's fees in the amount of $86,992.50, litigation expenses in the amount of $6,160.00, and costs in the amount of $771.00 for a total award of **$93,923.50**. For all the foregoing reasons, plaintiff's motion for award of reasonable attorney's fees, litigation expenses, and costs should be granted in its entirety.

Respectfully submitted,

Dated: March 2, 2015

LAW OFFICE OF JASON G. GONG
*A Professional Corporation*

By: /s/ Jason G. Gong
Jason G. Gong
Attorney for Plaintiff
JOHN RODGERS