Jason G. Gong (SBN 181298)
LAW OFFICE OF JASON G. GONG
*A Professional Corporation*
2121 N. California Blvd., Suite 290
Walnut Creek, CA  94596
Telephone:  (925) 735-3800
Facsimile: (925) 735-3801
Email: jgong@gonglawfirm.com

Attorney for Plaintiff JOHN RODGERS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RODGERS, an individual, | Case No. 4:13-cv-05496-YGR |
| Plaintiff, | **PLAINTIFF'S REQUEST FOR LEAVE TO SUBMIT RESPONSE TO DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE** |
| vs. | |
| CLAIM JUMPER RESTAURANT, LLC, LANDRY'S, INC., EQUITY ONE, INC., and DOES 1 through 20, inclusive, | Date:     March 17, 2015<br>Time:     2:00 p.m.<br>Place:    Courtroom 1<br>Judge:   Hon. Yvonne Gonzalez Rogers |
| Defendants. | |

Pursuant to this Court's Civil Local Rule 7-3(d) (N.D. Cal.), plaintiff requests leave of the Court to submit his response to Defendants' Objections to Reply Evidence.  *See* Document 57.

**Defendants' Objections**

Defendants' objections are limited to Exhibits 3 and 4 to the Reply Declaration of Jason G. Gong (Documents 55-3 and 55-4) and to Exhibit 5 to the Reply Declaration of Bassam Altwal (Document 56-5).  Defendants object to these three exhibits on the ground that they constitute new evidence and are tantamount to new arguments and new facts and information made in plaintiff's reply that the Court should disregard.  *See* Objections at 1-3 (citing authorities).

**Plaintiff's Response**

Defendants' Objections are without merit and should be overruled for three reasons. First, defendants' cited authorities are inapposite, because they do not support exclusion of the

1  exhibits in question as new arguments or facts presented for the first time in a reply brief.  *See,*
2  *e.g., Zamani v. Carnes*, 491 F3d 990, 997 (9th Cir. 2007) (affirming district court's decision not
3  to consider litigation privilege argument raised for first time in reply brief); *Cotton ex rel.*
4  *McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1022, n. 13 (N.D. Cal. 2012) (rejecting
5  assertion made in reply brief that opposing party violated district court's *in limine* order);
6  *Competitive Technologies v. Fujitsu Ltd.*, 286 F.Supp.2d 1118, 1139, n. 15 (N.D. Cal. 2003)
7  (disregarding arguments raised in reply brief regarding sufficiency of allegations of affirmative
8  defenses where a "series of arguments . . . amount to an entirely new, unfiled motion.").  Plaintiff
9  submitted the subject exhibits in reply and in response to defendants' assertions that plaintiff's
10 request for expert fees and costs were not sufficiently supported by documentary evidence.  *See*
11 Opposition at 16-17, 19 (Document 49).  Thus, the exhibits do not constitute *new* arguments or
12 facts under defendants' authorities and should not be excluded.
13         Second, the Court may properly consider plaintiff's exhibits to substantiate his request to
14 recover his expert fees and costs.  In *Delson v. CYCT Mgmt Group, Inc.*, Case No. 3:11-cv-
15 03781-MEJ (N.D. Cal. Apr. 30, 2013), the court considered a supporting declaration and
16 documents that plaintiff submitted to substantiate his claim for expert fees and litigation costs
17 *after* the hearing on plaintiff's motion for attorney's fees and costs.  *See id.* at pages 14-15.  The
18 court then awarded plaintiff $8,842.00, representing plaintiff's entire amount of requested costs,
19 litigation expenses, and expert costs.  *See id.* at 15.
20         Third, plaintiff believes it would be inequitable to exclude the subject exhibits from
21 consideration, because they were provided to substantiate his costs and legal expenses that were
22 incurred to prosecute this case, a case where plaintiff is the prevailing party.  Moreover, plaintiff
23 notes that the Court may take judicial notice of its own filing fee schedule for newly-filed
24 matters ($400 filing fee) and its own docket to independently substantiate plaintiff's request to
25 recover his filing fee and service of process costs.  *See* Document 1 (Plaintiff's Complaint) and
26 Document 10 (Plaintiff's Proof of Service).
27 ///
28 ///

1       For the foregoing reasons, plaintiff respectfully requests that the Court overrule

2 defendants' objections to plaintiff's reply exhibits.

3                                            Respectfully submitted,

4 Dated: March 11, 2015               LAW OFFICE OF JASON G. GONG
*A Professional Corporation*

*/s/ Jason G. Gong*
By: _____
Jason G. Gong
Attorney for Plaintiff
JOHN RODGERS

___

*Rodgers v. Claim Jumper Restaurant, LLC, et al.,* Case No. 4:13-cv-05496-YGR
Plaintiff's Request for Leave to Submit Response to Defendants' Objection to Reply Evidence

3