UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN RODGERS**,<br><br>Plaintiff,<br><br>v.<br><br>**CLAIM JUMPER RESTAURANT, LLC, ET AL.**,<br><br>Defendants. | Case No. 13-cv-05496-YGR<br><br>**ORDER CONTINUING HEARING;**<br>**REQUESTING SUPPLEMENTAL BRIEFING** |

Presently before the Court is plaintiff's motion for attorney's fees and costs. (Dkt. No. 41.) Having duly considered the papers, the Court hereby **CONTINUES** the hearing on plaintiff's motion to **March 31, 2015**, and requests supplement briefing as set forth below.

The parties dispute whether the availability of joint and several liability in the context of Americans with Disabilities Act ("ADA") cases enables a plaintiff to seek full award of attorney's fees against either, or both, defendants in this case. Plaintiff appears to suggest that he may recover the full balance of such fees from defendant Claim Jumper, offset by his previous $10,000 attorney's fees settlement with the other defendant landlord. (Dkt. No. 54 ("Reply") at 9; Dkt. No. 42 ("Gong Decl.") ¶ P.)) Defendants argue that apportionment is required. (Dkt. No. 49 ("Opposition") at 19-20.) Briefing on the issue is insufficient. Accordingly, no later than **March 23, 2015**, the parties are directed to file supplemental briefs of no more than **five pages** addressing, without limitation, the following issues:

1. Whether, in the context of an ADA case, precedent exists for awarding the balance of attorney's fees against one defendant where a co-defendant has entered into a settlement on the question of attorney's fees;

2. Whether, in the context of an ADA case, precedent exists for apportioning an

attorney's fee award where plaintiff has settled an attorney's fee amount with a co-defendant; and

3. Legal precedent that addresses the extent to which a court must or can consider, in determining an appropriate award of fees to a non-settling defendant, that such defendant had no liability for certain aspects of plaintiff's claims as a matter of law, and whether such distinction might apply in this case.

**IT IS SO ORDERED.**

Dated: March 16, 2015

                                                    **YVONNE GONZALEZ ROGERS**
                                           **UNITED STATES DISTRICT COURT JUDGE**

2