1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6

7

8

9    **JOHN RODGERS, an individual,**          | **Case No.: 13-CV-5496 YGR**

10                **Plaintiff,**                | **ORDER GRANTING IN PART PLAINTIFF'S
                                                   MOTION FOR ATTORNEY'S FEES, LITIGATION**
11              **v.**                          | **EXPENSES, AND COSTS; DENYING MOTION TO
                                                   SEAL WITHOUT PREJUDICE**
12    **CLAIM JUMPER RESTAURANT, LLC, *et al.*,**

13                **Defendants.**

14

15          Now before the Court is Plaintiff John Rodgers's Motion for Attorney's Fees, Litigation

16   Expenses, and Costs, to which Defendants Claim Jumper Restaurant, LLC and Landry's, Inc.

17   ("Restaurant") responded, and plaintiff replied.  (Dkt. Nos. 41, 49, 54.)  Plaintiff John Rodgers

18   seeks $95,498.50 in attorney's fees, litigation expenses, and costs for successful settlement of this

19   disability access case.  Specifically, he requests $88,567.50 in attorney's fees, $6,160 in litigation

20   expenses, and $771 in costs.  Although defendants agree that Plaintiff is entitled to fees and costs,

21   they dispute the amount sought.  For the reasons stated below, plaintiff is entitled to $86,415.00 in

22   attorney's fees, and all requested litigation expenses and costs.  This amount will be offset by

23   $10,000 previously paid by co-defendants.

24          In total, the Court awards plaintiff **$83,346.00** against defendants.

25   **I.    BACKGROUND**

26          Plaintiff requires the use of a wheelchair for mobility.  (Dkt. No. 1 at ¶ 2.)  He alleged that

27   on a "number of occasions" he visited the Claim Jumper Restaurant located at 1981 Diamond

28   Boulevard, Concord, CA and encountered architectural barriers that denied him full and equal

United States District Court
Northern District of California

United States District Court
Northern District of California

access to the public accommodation in violation of the Americans with Disabilities Act ("ADA") and California state laws.  (*See* Dkt. No. 1 at ¶ 12.)  Specifically, plaintiff claimed that he had difficulty with "(1) reaching the restaurant entrance from the parking lot located just outside of Claim Jumper; (2) opening the excessively heavy entrance door; and (3) accessing the dining and restroom accommodations inside of the restaurant."  (Dkt. No. 41 at 2.)

On November 26, 2013, plaintiff filed the instant action asserting claims under the ADA, 42 U.S.C. Section 12101, *et seq*., the California Disabled Persons Act, Cal. Civ. Code Section 54, *et seq*., and the Unruh Civil Rights Act, Cal. Civ. Code Section 51, *et seq*., seeking enforcement of his civil rights and an order from the Court compelling defendants to comply with the aforementioned state and federal access laws.  (Dkt. No. 41 at 2.)  Plaintiff named as defendants Claim Jumper Restaurant, LLC and Landry's Inc. ("Restaurant"), as well as Equity One, Inc. ("Landlord").  (Dkt. No. 1.)

Subsequently, in April 2014, plaintiff settled his injunctive relief claims against Landlord, and finalized that settlement documentation in May 2014.  (*See* Dkt. No. 41 at 3 n.1.)  On November 5, 2014, plaintiff entered a global settlement with both defendants for his statutory damage claims against Landlord and Restaurant for $10,000—$5,000 from each, and further, obtained injunctive relief as to specific barriers with respect to Restaurant.  (*See* Dkt. No. 42 at 9-10.)  On December 22, 2014, plaintiff settled his claims for attorney's fees with Landlord for $10,000.  (*See* Dkt. No. 42 at 10-14; Dkt. No. 49 at 6; Dkt. No. 52-4.)

Plaintiff and Restaurant, however, were unable to reach an agreement as to attorney's fees and costs.  By way of the instant motion, plaintiff argues that he is entitled to recover his remaining attorney's fees and costs from Restaurant.  (Dkt. No. 41.)  On March 2, 2015, the parties completed briefing.[1]

---

[1] On March 16, 2015, the Court ordered supplemental briefing concerning certain arguments raised by Restaurant and provided the parties five pages to provide relevant case authority.  (Dkt. No. 59.)  Both parties filed responses.  (Dkt. Nos. 60, 61.)  Thereafter, on March 25, 2015, Restaurant filed a notice of opinion, accompanied by argument.  (Dkt. No. 62.)  Plaintiff subsequently filed a request for leave to submit a response and objection to Restaurant's notice on the ground that the argument offered constituted a violation of the Local Rules.  (Dkt. No. 63.)

United States District Court
Northern District of California

## II.  LEGAL STANDARD

### A.  Statutory Basis for Award of Attorney's Fees

#### i.  Section 505 of the ADA

Section 505 of the ADA provides, "in any action or . . . proceeding commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs."  42 U.S.C. § 12205.  Under federal law, a "prevailing party" is one that effects "a material alteration of the legal relationship between the parties [whereby] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant."[2]  *Farrar v. Hobby*, 506 U.S. 103, 113 (1992).

#### ii.  California Law

In addition to his ADA claims, plaintiff also brought causes of action based on California state law.  The Unruh Civil Rights Act ("Unruh Act") and the California Disabled Persons Act ("DPA") incorporate ADA standards such that "[a] violation of the ADA also constitutes a violation of both the Unruh Act and the DPA."  *Californians for Disability Rights v. Mervyn's LLC*, 165 Cal. App. 4th 571, 586 (2013) (citing Cal. Civ. Code §§ 51(f), 54(c)).  "Because the Unruh Act is coextensive with the ADA and [unlike the ADA] allows for monetary damages, litigants in

---

In connection with Restaurant's opposition to the instant motion, Restaurant also filed a motion to seal an exhibit attached thereto: the Confidential Settlement Agreement and General Release dated November 5, 2014.  (Dkt. No. 52.)  Civ. L. R. 79-5.  In its motion, however, Restaurant appears to disavow any belief that this document need be filed under seal, stating simply that plaintiff asked that it be filed under seal.  Restaurant appears to argue that the basis for sealing this document is that it is entitled "Confidential Settlement Agreement and General Release," but provides no other basis for finding "good cause" to seal.  In addition, it appears to the Court that the material aspects of the settlement agreement are discussed in the publicly filed papers.  For this reason, the motion is **DENIED** without prejudice.  Within **ten (10) days** of the date of this Order, Restaurant will file a renewed motion to seal in conformity with Civil Local Rule 79-5.  Plaintiff shall thereafter file a response in conformity with that rule setting forth what basis exists for filing the settlement agreement under seal.

[2]  The parties do not dispute that plaintiff is a prevailing party for purposes of the fee request because he obtained favorable settlement for his injunctive and statutory claims against Restaurant and Landlord.  *See Fischer v. SJB–P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (finding the plaintiff to be a prevailing party following a settlement agreement which contained an equitable relief provision for his ADA claim).  Thus, plaintiff may be awarded reasonable attorney's fees, litigation expenses, and costs incurred in prosecuting his case under the ADA.

United States District Court
Northern District of California

federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

California Civil Code section 54.1 provides that "individuals with disabilities shall be entitled to full and equal access . . . to accommodations, advantages, facilities [and] medical facilities[.]" Cal. Civ. Code § 54.1(a)(1). This section defines "full and equal access" as meet[ing] the standards of Title II and III of the Americans with Disabilities Act of 1990 . . . and the federal regulations adopted pursuant thereto [unless California laws prescribe to a higher standard]." Cal. Civ. Code § 54.1(a)(3). Under Civil Code section 54.3, any person or business that denies or interferes with admittance to or enjoyment of the public facilities or otherwise interferes with the rights of an individual with a disability "is liable for each offense for the actual damages and any amount . . . up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000), and attorney's fees as may be determined by the court in addition thereto." Cal. Civ. Code § 54.3. Similarly, the Unruh Act imposes damages "for each and every offense . . . , up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code § 52(a).

Alternatively, because plaintiff sought to enforce disability access rights, plaintiff may seek an award of fees under California's private attorney general statute. *See* Cal. Civ. Proc. Code § 1021.5. This statute authorizes the court to award attorney's fees to a successful litigant in any action which has resulted in the enforcement of an important right affecting the public interest. *See Skaff v. Meridian N. Am. Beverly Hills, LLC*, 506 F.3d 832, 843 (9th Cir. 2007).

## B. Calculating Fees Under Federal Law

In cases where attorney's fees are authorized under federal law, district courts apply a two-step process to calculate the appropriate fee award. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the presumptive fee award, the "lodestar figure," by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). In evaluating what is a reasonable number of hours, counsel bears the burden of submitting detailed time records justifying

the hours claimed to have been expended. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). This amount may be reduced if the hours are duplicative, excessive, or otherwise unnecessary. *Id.*

Second, "in appropriate cases, the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69– 70 (9th Cir. 1975) . . . that are not subsumed into the initial lodestar calculation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Specifically, the *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel Corp.*, 6 F.3d at 622; *see also Perdue v. Kenney A. ex rel Winn*, 559 U.S. 542, 553 (2010) (noting that the lodestar figure includes "most if not all of the relevant factors constituting a reasonable attorney's fee") (internal quotations omitted). To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward, once the lodestar has been calculated. *Chalmers*, 796 F.2d at 1210. However, there is a strong presumption that the lodestar figure represents a reasonable fee and any upward or downward adjustment of that figure is proper only in "rare and exceptional cases." *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citations omitted).

United States District Court
Northern District of California

III.   **DISCUSSION**

Having already settled his claim for attorney's fees with Landlord for $10,000, plaintiff seeks to recover his remaining attorney's fees, litigation expenses, and costs from Restaurant.  In summary, plaintiffs seeks to recover fees based on the following submission:

Plaintiff's counsel, Jason G. Gong, expended a total of 168.7 hours and charged an hourly rate of $525.  Plaintiff claims that this amount is reasonable as are similar rates of attorneys with commensurate experience in this District for ADA claims.  (*See* Dkt. No. 41 at 6–8; Dkt. No. 54 at 2–8.)  Plaintiff requests a total award of attorney's fees of $88,567.50, litigation expenses of $6,160, and costs of $771—totaling $95,498.50.  While Restaurant does not dispute that plaintiff is the prevailing party and reasonable attorney's fees and costs are recoverable, it claims that counsel's rate is unreasonably high and that his fees are excessive.  (Dkt. No. 49.)  First, the Court considers counsel's proposed hourly rate.  Second, the Court considers the reasonableness of the hourly time figures offered by plaintiff.

**A.  Lodestar Rate**

The Court finds that Mr. Gong's requested hourly rate of $525 for work on this matter is within the bounds of reason.  (Dkt. No. 41 at ¶ 16.)  In support of this rate, plaintiff provides evidence including: an explanation of his professional experience generally and with respect to ADA litigation; citation to other courts in this District finding rates akin to his reasonable; rates charged by defendants' counsel, Jeffer, Mangels, Butler & Mitchell; the *Laffey* matrix, a fee rate calculation; and declarations from other ADA plaintiff's attorneys.  (Dkt.  No. 42 at ¶ 17, 18, 20, Ex. 2–4; Dkt. Nos. 43, 44.)  Restaurant alleges that Mr. Gong's rates are unreasonably high given the rates courts awarded in his prior cases and rates recently granted in the Eastern District of California.  (*See* Dkt. No. 49 at 7–9.)  Further, Restaurant argues that certain of the support plaintiff provided is not relevant to this rate analysis.  (*See* Dkt. No. 49 at 9–11.)

The determination of whether a proposed hourly rate is reasonable is "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers*, 796 F.2d at 1210–11.  As the applicant, Mr. Gong bears the burden of producing satisfactory evidence that his requested rate meets this standard.  *See Blum v.*

*Stenson*, 465 U.S. 886, 895 n.11 (1984).  "Affidavits of the plaintiff ['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  Courts also may rely on decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience.  *See, e.g.*, *Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009).  As a general rule, the forum district represents the relevant legal community.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Mr. Gong's rate falls within the range of rates charged by other attorneys with comparable skill, experience, and reputation.  Additionally, the requested rate is within the range awarded by other courts in the Northern District for similar cases.  Accordingly, the Court finds the proposed rate of $525 per hour reasonable.  Mr. Gong has been practicing as a civil litigator for nearly 20 years; he spent the past 8 years litigating between 75–85 ADA claims.  (Dkt. No. 42 at 2.)  He has provided affidavits showing that his rates are comparable to or lower than those awarded in other Northern District ADA cases.  (*See* Dkt. Nos. 42 at ¶ 16, 43, 44, 55 at ¶ 4.)  In similar ADA cases, courts in the Northern District have found that rates between $450 and $650 per hour represent reasonable rates for attorneys with skill, experience, and reputation similar to Mr. Gong.  *See, e.g.*, *Fortson v. Marriott Int'l, Inc.*, No. CV 11-01454 LB, 2013 WL 1832411, at *5 (N.D. Cal. May 1, 2013) (finding a rate of $450 an hour reasonable in an ADA suit where the attorney had been practicing for 14 years); *Ascencio v. ADRU Corp.*, No. C 12-04884 WHA, 2014 WL 204212, at *10 (N.D. Cal. Jan. 6, 2014) (awarding a rate of $500 an hour in an ADA case that resulted in default judgment); *Armstrong v. Brown*, 805 F. Supp. 2d 918, 922 (N.D. Cal. 2011) (awarding fees of $530 for attorney of same graduation year as Mr. Gong, $560 for attorney with two years less practice experience than Mr. Gong); *see also Californians for Disability Rights v. California Dep't of Transp.*, No. C 06-05125 SBA MEJ, 2010 WL 8746910, at *3 (N.D. Cal. Dec. 13, 2010) (awarding $570 and $650 an hour in civil rights case to attorneys with between ten and eighteen years of practice).

United States District Court
Northern District of California

1    Restaurant's arguments to the contrary are not persuasive.  Restaurant argues that Mr.

2    Gong's rate is excessive for two main reasons: (1) his rates awarded in past cases are much lower;

3    and (2) rates awarded in the Eastern District of California are lower.  (Dkt. No. 49 at 7–8.)

4        In past cases, Mr. Gong was awarded a rate of $150 in 2007–2008 and $265 in 2010.  (Dkt.

5    No. 49 at 7.)  While an attorney's previously awarded rates provide some guidance to the court,

6    they are not determinative.  *See Chalmers*, 796 F.2d at 1215 (suggesting that there is a rebuttable

7    presumption to evidence provided in support of a requested hourly rate).  The Court still finds that

8    Mr. Gong's requested rate of $525 is reasonable in light of the above analysis.

9        Next, Restaurant relies on *Johnson v. Allied Trailer Supply*, No. 2:13–1544 WBS EFB,

10   2014 WL 1334006 (E.D. Cal. Apr. 3, 2014), to suggest that Mr. Gong's rate is excessive.  (Dkt. No.

11   49 at 8.)  In *Johnson*, the court awarded rates of $300 to attorneys with twenty to twenty-nine years

12   of experience and a rate of $175 to an attorney with nine years of experience.  2014 WL 1334006,

13   at *6.  However, the Eastern District of California is not the appropriate community that guides the

14   instant rate analysis.  Rather, the relevant legal community is the Northern District of California—

15   this Court's forum district.  Mr. Gong's requested hourly rate is reasonable in light of other awards

16   granted within this district.

17   Finally, Restaurant argues that other evidence proffered by plaintiff—rates of other firms,

18   the *Laffey* matrix, and declarations from other ADA attorneys—is not persuasive.  (Dkt. No. 49 at

19   9–10.)  As to the question of affidavits submitted by other attorneys in the field and the rates of

20   other law firms, the Court notes that in other cases such evidence is considered relevant to the

21   determination of a reasonable rate in a particular legal market.  *See United Steelworkers*, 896 F.2d

22   at 407 ("Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the

23   community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's

24   attorney, are satisfactory evidence of the prevailing market rate.") (citation omitted); *Gates v.

25   Rowland,* 39 F.3d 1439, 1451 (9th Cir. 1994) ("The amount billed by other law firms in the

26   community, including the yearly increase in other firms' fees, is an appropriate barometer of

27   reasonable rates.").  The *Laffey* matrix, however, has not been adopted as a starting point for

28   determining reasonable attorney's fees in this circuit.  *See Prison Legal News v. Schwarzenegger*,

608 F.3d 446, 454 (9th Cir. 2010) (noting that although the *Laffey* matrix has been accepted in the District of Columbia, that "does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away"); *Freitag v. California Dep't of Corr.*, No. C00-2278 TEH, 2009 WL 2485552, at *2 n.6 (N.D. Cal. Aug. 12, 2009) ("The Laffey Matrix has not been adopted by the Ninth Circuit and its somewhat mechanical approach does not appear to consider all the factors which the Ninth Circuit has deemed important.") (citing *Kerr*, 526 F.2d 67 (9th Cir. 1975)); *Californians for Disability Rights*, 2010 WL 8746910, at *3.  Regardless, for purposes of the instant motion, the Court finds sufficient the other evidence of record plaintiff has provided establishing that counsel's rate is in line with those prevailing in this community for similar services of lawyers with reasonably comparable skill and reputation.

For the reasons stated herein, the Court finds Mr. Gong's requested hourly rate of $525 reasonable and applies that rate in its lodestar calculation.

### B.  Lodestar Hours

Restaurant challenges Mr. Gong's fees motion on the following bases: (i) Restaurant is not liable for certain of plaintiff's claims, specifically the common area fees; (ii) fees for the Motion to Strike should not be awarded; (iii) clerical or secretarial fees should be billed at a lower rate; (iv) fees associated with the Motion for Attorney's Fees should be reduced; and (v) vague descriptions for time entries should not be awarded.  The Court addresses each in turn.

### i.  Common Area Parking Lot Claims

Plaintiff seeks recovery of fees associated with prosecuting all his claims.  Restaurant argues that these fees include time Mr. Gong expended prosecuting his claims against Landlord for ADA violations in the common area parking lots and paths of travel.  Because Restaurant contends that it does not own, lease, or control the common area parking lots in the shopping center, it claims that Mr. Gong's fees should be reduced.  (Dkt. No. 49 at 13.)  Restaurant calculates that Mr. Gong expended 47.2 hours prosecuting the common area parking lot claims, and that these hours should be removed from the total.  (*Id.* at 14 (citing Time Entries 60–135).) [3] The Court disagrees and

---

[3]  Restaurant maintains that it repeatedly informed plaintiff that it did not control the parking lot beginning in February 2014.  (Dkt. No. 49 at 14.)  Plaintiff claims that it was not until June 5, 2014 that Restaurant informed plaintiff it did not control the parking lot or exterior paths of

United States District Court
Northern District of California

United States District Court
Northern District of California

1   finds that Restaurant is not entitled to a reduction in the lodestar hours for the common area parking

2   lot claims.

3        Restaurant's argument does not persuade for two independent reasons.  For its argument

4   that its purported lack of liability for the common area precludes fees for claims arising therefrom,

5   Restaurant relies primarily on *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260 (9th

6   Cir. 2015).  *Kohler* is not dispositive here.  There, at summary judgment, the district court held the

7   tenant had proffered sufficient evidence to show that that it did not control the common area and

8   thus was not liable under the ADA for an area under the exclusive control of the landlord.  Having

9   the benefit of the full factual record, the Ninth Circuit held that the ADA does not "impose[] upon

10   tenants liability for ADA violations that occur in those areas exclusively under the control of the

11   landlord." *Kohler*, 780 F.3d at 1265.  Under the lease in *Kohler*, the parking lot was deemed a

12   "Common Area" available for the joint use and benefit of defendant, other Shopping Center

13   tenants, and customers.  Additionally, the lease stated that "Landlord shall operate, maintain, repair

14   and replace the Common Areas . . . [and] shall comply with all applicable Legal Requirements."

15   *Id.* at 1264.

16        Because *Kohler* and the instant case are in different procedural postures, the Court has not

17   determined conclusively that Restaurant has met the summary judgment standard required for a

18   finding of no liability, as was the case in *Kohler*.  Critically, in *Kohler* the parties had proffered

19   sufficient evidence showing that there was "no genuine issue as to any material fact and that the

20   moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In the instant case,

---

22   travel to the restaurant's entrance.  (Dkt. No. 55 at 15.)  The dispute does not affect the instant
     analysis, however, because the Court finds that plaintiff was prosecuting his claims against both
23   defendants (Restaurant and Landlord) simultaneously.  It was reasonable for plaintiff to do this, as
     courts have consistently held that landlord and tenants are jointly and severally liable for violations
24   of the ADA and accordingly are jointly and severally liable for attorney's fees.  *See, e.g.*, *Blackwell
     v. Foley*, 724 F. Supp. 2d 1068, 1075 (N.D. Cal. 2010) ("[A]ll defendants signed the Consent
25   Decree; and all are jointly and severally responsible for plaintiff's attorney fees.").  In addition, it
     has also been held proper for a court to award fees against one defendant for time spent litigating
26   against another.  *Id.* (citing *Californians for Responsible Toxics Mgmt. v. Kizer*, 211 Cal.App.3d
     961, 976 (1989)).  Whether Restaurant might have put Mr. Gong on notice that in its estimation
27   certain aspects of his claim might have been outside the scope of Restaurant's liability is therefore
28   inapposite.

the parties settled their substantive claims before proffering evidence determinative of whether Restaurant had any control over the common area.  Restaurant maintains that the settlement agreement between plaintiff and Restaurant recognizes the limits of Restaurant's liability, but this does not establish the same as a matter of law, nor does it mean that plaintiff was *unreasonably* prosecuting his claims prior to the parties' settlement, as Restaurant claims.  (Dkt. No. 49 at 13.)  Fairly construed, the evidence proffered suggests that there is a material dispute of fact concerning defendants' common area liability:  Restaurant cites an excerpt of the lease purportedly to show that it had no control over the common area, but a review thereof supports a reasonable inference that tenants, including Restaurant, may maintain portions of the common area.  (*See* Dkt. No. 50-2 at ¶ 7(d) ("if any major store in the Center has the right to and does maintain any portion of the Common Area allocable to its premises . . .").)  In short, it was not unreasonable for plaintiff to pursue claims over the common area while he was prosecuting his restaurant-specific claims, and *Kohler* does not squarely apply.

Second, regarding Restaurant's suggestion that time spent prosecuting the common area claims is distinguishable from that spent prosecuting the Restaurant-specific claims, the Court disagrees.  The Court has reviewed time entries that Restaurant claims support its contention that 47.2 hours were spent prosecuting the common area claims, and finds that the evidence of record does not support Restaurant's calculation.  The time entries with which Restaurant takes issue do not relate only to the parking lot.  Instead, what is clear from the entries is that plaintiff prosecuted his claims against Landlord and Restaurant simultaneously.  Restaurant's requested reduction of 47.2 hours is thus without basis in the factual record – and rests precariously upon a misreading of the time entries.  For example, Restaurant takes issue with the following:

- Time Entry 95, July 14, 2014: "Prepare draft settlement agreement for injunctive relief to MOrlick.  Exchange emails with EPark re: preparation and sequencing of Joint CMC statement."

- Time Entry 104, Aug. 1, 2014: "Email to EPark to withdraw settlement demand due to counsel's excessive delay in responding to plaintiff's lowered monetary demand.  Email

United States District Court
Northern District of California

to counsel for Claim Jumper to request timing on revisions to plaintiff's proposed settlement agreement for injunctive relief."

- Time Entry 113, Sept. 11, 2014: "Review emails from EPark and mediator DBowling on proposed dates to set mediation.  Email to all of counsel and mediator re: availability for mediation."

Having reviewed the record, the Court finds that Mr. Gong's time entries suggest that most of his time was spent prosecuting claims against all defendants simultaneously.  Restaurant's request to deduct 47.2 attorney hours on the basis that such time was expended unreasonably prosecuting common area claims is **DENIED**.

### ii.   Motion to Strike

Restaurant next maintains that all time Mr. Gong spent on his motion to strike should be deducted from his recoverable hours.  On March 24, 2014, plaintiff filed a motion to strike the affirmative defenses within Restaurant's answer.  (Dkt. Nos. 16–17.)  The Court denied plaintiff's motion as counterproductive and contrary to General Order 56.  (Dkt. No. 22.)  Restaurant requests a reduction of 19.2 hours[4], which it argues represents the time Mr. Gong spent preparing and filing the motion to strike, because the motion was unreasonable and dilatory.  (Dkt. No. 49 at 14; *see* Time Entries 40–44, 47–52, 60.)

The Court finds that the motion was neither unreasonable nor dilatory.  As was later made clear to the Court, from late January through February 2014, plaintiff and defendants had been engaging in settlement discussions.  (Dkt. No. 25 ¶ 3.)  In February, plaintiff's counsel presented a draft settlement agreement to defendants, and thereafter granted defendants extensions of time to file their answer.  (*Id.*)  Defendants finally answered on March 3, 2014, and the settlement discussions came to a halt.  (*See id.*)

---

[4] The Court also notes that Restaurant's 19.2 hours figure is artificially inflated.  The Court has undertaken an independent review of the time entries and finds that certain of the time entries with which defendants take issue include more than simply work on the motion to strike.  For example, entries numbered 48 and 49 incudes research into Rule 11 standards because plaintiff was apparently considering bringing a Rule 11 motion against Restaurant.  On the same score, entry number 60 includes an exchange of emails with Landlord relating to settlement along with a review of the Court's order on the motion to strike.

Plaintiff filed the motion to strike in good faith and for a strategic reason: to compel defendants to "abandon their questionable defense []or to restate improperly pleaded defenses." (Dkt. No. 54 at 5.)  While the Court ultimately denied the motion, plaintiff's filing of the motion was not unfounded as a legal matter, and moreover, worked the added benefit of bringing to the Court's attention that this case was not progressing in a timely fashion.  Specifically, the motion made apparent the need for the Court's intervention to ensure the parties' compliance with General Order 56.  Indeed, if anything, it resulted in a more timely resolution of this action than would have occurred otherwise.

Having reviewed the time entries in light of the work completed, the Court finds the amount of time expended on the motion to strike appropriate in these circumstances.  Restaurant advanced thirteen affirmative defenses, some of which were arguably negative defenses, and some of which were arguably not properly understood as affirmative defenses at all.  (*See* Dkt. No. 17 at 5-8.)  Mr. Gong's motion to strike analyzed each in turn, arguing that there were multiple deficiencies and bases for striking most of them.  While the Court ultimately denied the motion, the motion itself was not brought unreasonably, nor was the amount of time spent on the motion unreasonable.  The Court finds no basis to deduct any of Mr. Gong's time on this motion.

### iii.  Clerical, Secretarial, Administrative, and Legal Assistant Functions

Restaurant objects to applying Mr. Gong's hourly rate for his completion of what they contend are routine tasks that could have been performed by a secretary or paralegal and billed at lower rates.  (Dkt. No. 49 at 15 (citing Time Entries 18–19, 22–23, 26, 28, 37, 72, 99, 101, 113, 131).)  In total, Restaurant claim that 6.3 hours should not be billable at $525 per hour.

 "In the private sector, 'billing judgment' is an important component in fee setting. . . . Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."  *Hensley*, 461 U.S. at 434.  Clerical or secretarial tasks that contribute to the work product "should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them," and instead billed separately, at market rates, following the given practice in a community.  *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)); *Trustees of Const. Indus. & Laborers Health*

United States District Court
Northern District of California

& *Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006).  However, purely secretarial or clerical tasks are generally not recoverable in a motion for attorney's fees and should instead be considered a part of normal overhead costs.  *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates"); *Moralez v. Whole Foods Mkt., Inc.*, No. C 12-01072 CRB, 2013 WL 3967639, at *4 (N.D. Cal. July 31, 2013) ("Fees for work that is clerical in nature are considered part of normal overhead costs.").

Again, the Court notes that Restaurant exaggerates the basis for its preferred calculation. Mr. Gong completed detailed billing statements with block billing descriptions, wherein he completed multiple tasks.  For example, time entry number 28, with which Restaurant takes issue, was not simply for filing a proof of service, but also included drafting a settlement agreement, which is indisputably not clerical in nature.

Having found significant reason to doubt Restaurant's calculations, the Court has reviewed the time entries independently, and has determined that some of Mr. Gong's time was clerical in nature.  Accordingly, the Court reduces Mr. Gong's fee as follows: Time Entry #18 by 0.5 hours ("Prepare summons and necessary documents for filing"), #19 by 0.5 hours ("E-filing plaintiff's Complaint and related documents"), #26 by 0.1 hours ("Prepare and file consent form" regarding Magistrate Judge Ryu's jurisdiction), #37 by 0.1 hours ("prepare summons and service packet"), #99 by 0.1 hours ("E-file plaintiff's notice of need for mediation"), and #101 by 0.1 hours ("Prepare and file plaintiff's certificate of interested entities").  *See Moralez*, 2013 WL 3967639, at *4 (reducing plaintiff's recoverable hours by the amount of clerical work billed).

**Mr. Gong's recoverable hours are thus reduced by 1.3 hours**.

### iv.  Attorney's Fee Motion

Restaurant claims that "[t]his fees motion . . . is a rote motion which plaintiff's counsel should have been able to substantially re-purpose from his prior cases."  (Dkt. No. 49 at 15–16; *see* Time Entries 136–37, 139, 142–45, 151–59.)  Restaurant requests that the Court deny all of Mr. Gong's time related to the motion.  Restaurant cites no authority, however, for their argument that Mr. Gong's request for fees should be denied in its *entirety*.  (*See* Dkt. No. 49 at 15-16.)

1   The Court may award fees for "time spent by counsel in establishing the right to a fee

2   award." *Davis*, 976 F.2d at 1544 (citing *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379,

3   1387–88 (9th Cir. 1990); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986); *In Re*

4   *Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985). However, work on a fee motion that is

5   boilerplate and has been used in other cases for similar purposes is not compensable. *Californians*

6   *for Disability Rights.*, 2010 WL 8746910, at *16 (citing *Payne v. Bay Area Rapid Transit Dist.*, No.

7   C 08-2098 WDB, 2009 WL 1626588, at *5 (N.D. Cal. June 5, 2009)).

8   Again, Restaurant miscalculates the number of hours it contends pertain to Mr. Gong's

9   attorney's fees motion. It claims that Mr. Gong spent 37.5 hours on the opening motion. But

10   certain of the time entries it cites as support therefor do not pertain to the motion itself. For

11   example, Restaurant cites entry number 139, but that entry has nothing to do with the fees motion.

12   (*See* Dkt. No. 51-14 ("Telephone call and follow up email to defense counsel EParks to discuss

13   Joint CMC statement. Finalize statement with inserts from defendants Claim Jumper and Landry's

14   only and file document.").) The Court's independent review revealed the following:

15   The Court finds that Mr. Gong billed 35.7 hours preparing and filing his attorney's fee

16   motion. He billed an additional 28.8 hours for preparing and filing his reply brief. On March 31,

17   2015, at a hearing for the Motion for Attorney's Fees, Mr. Gong requested the Court award an

18   additional three hours for his time related to the hearing. This represents a total of 67.5 hours.

19   Having reviewed the time entries and the briefing presented, the Court finds the hours

20   expended on this motion reasonable on the whole. However, it does find duplication of effort that

21   requires a minimal reduction of fees. Portions of plaintiff's motion for attorney's fees are

22   boilerplate. As part of the Gong Declaration in support of the motion, Mr. Gong describes his

23   considerable qualifications and experience. (Dkt. No. 42.) The Court notes that Mr. Gong has

24   experience with attorney's fee motions, having obtained an award of $122,000 as the prevailing

25   party in an ADA case filed in San Francisco Superior Court. (Dkt. No. 42 at ¶ 6.) After examining

26   the record and time entries, the Court finds that the declarations are in some ways duplicative. The

27   efficiency such duplication produces should have resulted in a decrease in the time spent on the

28   declarations. (*See* Dkt. Nos. 43, 44.) While it is difficult to parse the times spent on each

United States District Court
Northern District of California

1   declaration because counsel blocked billed his time, by the Court's calculation, Mr. Gong spent

2   approximately 28.1 hours drafting three declarations and parts of the motion.  (*See* Dkt. No. 42-1,

3   Time Entries 155–59.)  In light of the duplicative language in the declarations and Mr. Gong's

4   experience, the Court **reduces the hours spent on these declarations by 10%, or 2.8 hours.**

### v.  Vague Time Entry Descriptions

6        Restaurant's final category of objections relates to Mr. Gong's time that it believes are

7   "artfully vague and ambiguous [in their] descriptions."  (Dkt. No. 49 at 17–18; *see* Time Entries 15,

8   32, 78–80, 141.)

9        Restaurant's objections are not well-founded.  After reviewing Mr. Gong's time entries, the

10  Court finds that no reduction is necessary.  Plaintiff's counsel "is not required to record in great

11  detail how each minute of his time was expended."  *Hensley*, 461 U.S. at 437 n.12.  Instead,

12  plaintiff's counsel can meet his burden of justifying his fees by simply listing his hours and

13  "identify[ing] the general subject matter of his time expenditures."  *Davis*, 976 F.2d at 1542.

14       The Court finds that the time entries to which Restaurant objects are sufficiently described.

15  For example:

16  - Time Entry 15, Sept. 20, 2013: "Confer with expert and client re: documentary evidence

17     of barriers and visits.  Review and consider same provided by client."

18  - Time Entry 80, Jun. 11, 2014: "Review and consider defendants' statement of

19     compliance filed with Court."

20  - Time Entry 141, Dec. 4, 2014: "Review and consider Court's Order setting compliance

21     hearing."

22       From these time entries, the Court can discern how Mr. Gong's time was spent: on

23  September 20, 2013, he spent time discussing documented evidence of barriers physical barriers at

24  Claim Jumper with his expert and client; on June 11, 2014, he reviewed the defendants' statement

25  of compliance; on December 4, 2014, he reviewed this Court's Order setting a compliance hearing

26  for January 23, 2015.  These time entries, and the others with which Restaurant takes issue, are not

27  vague.  The Court thus declines to reduce plaintiff's compensable hours on this basis.

28

### C. Total Lodestar Amount

Plaintiff requested 168.7 hours for his work on this matter.  In light of the reductions in lodestar hours, the Court awards Plaintiff 164.6 hours.  Additionally, the Court awards Mr. Gong's requested rate of $525 per hour.  Accordingly, the total unadjusted lodestar amount awarded is $86,415.

### D. Lodestar Adjustments

Restaurant further seeks reductions on two bases of a more overarching nature: (1) plaintiff's limited success; and (2) Restaurant's proportional share of liability relative to Landlord. The Court addresses each argument separately.

### i.  Limited Success

The Court declines to reduce plaintiff's fees for, as Restaurant claims, limited success. Restaurant argues a proportionate reduction is appropriate because plaintiff only obtained a fraction of what his complaint sought.  (Dkt. No. 49 at 18–19.)  In so arguing, Restaurant relies on sterile mathematical calculations that do not take into account the success plaintiff was able to obtain or the impact that this case has had, and will have, in terms of conferring a meaningful public benefit. *See McCown*, 565 F.3d at 1103.

According to Restaurant, plaintiff's fees should be reduced to reflect a success rate of 31.5%.  (Dkt. No. 49 at 18-19.)  Restaurant appears to argue that at the time plaintiff made the initial demand of $38,500, plaintiff would have incurred $11,287.50 in fees.  (*See id.*; Time Entries 1–30.)  Thus, Restaurant urges that of the $38,500 demand, $27,212.50 ($38,500 minus $11,287.50) represented the value of plaintiff's claims against defendants for damages.  These claims having been settled for $5,000 produces a success rate of 18%.  Restaurant further argues that plaintiff sought 33 injunctive claims and achieved 15 of them; plaintiff has therefore obtained a success rate of 45% as to those claims.  Restaurant then concludes that the average success rate of plaintiff's claims is 31.5%.

The general rule prescribing the use of the lodestar figure does not apply when a civil rights plaintiff receives only limited or technical success and the result does not confer a meaningful public benefit. *McCown*, 565 F.3d at 1103.  Under Ninth Circuit case law, the district court "must

reduce the attorneys fee award so that it is commensurate with the extent of the plaintiff's success." *McGinnis*, 51 F.3d 805, 808, 810.  When setting fees in cases where the prevailing party only obtained partial success, federal courts have uniformly rejected tests involving strict proportionality or simple arithmetic proration.  *City of Riverside v. Rivera*, 477 U.S. 561, 574–78 (1986) (rejecting a rule of proportionality based on portion of damages won); *Hensley*, 461 U.S. at 435 n.11 ("We agree with the District Court's rejection of a mathematical approach comparing the total number of issues in the case with those actually prevailed upon.") (internal quotation marks omitted); *McCown*, 565 F.3d at 1103 ("the Supreme Court has disavowed a test of strict proportionality"); *McGinnis*, 51 F.3d at 808–09 (arithmetic proration "makes no practical sense").

Based on a qualitative review of the record, the Court is not persuaded that any "limited success" reduction is warranted here.  First, the Court notes that plaintiff obtained both monetary damages and injunctive relief in settlement.  *See Blackwell*, 724 F. Supp. 2d at 1076-77 (rejecting argument that fees and costs totaling more than $100,000 are inappropriate where damages amounted to $10,000, where plaintiff also received injunctive relief).  This is a material alteration in the relationship between the parties and a meaningful public benefit.

Second, the court rejects Restaurant's hyperformulaic reduction based on a purported ratio of successful to unsuccessful claims.  Such a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors in this case.  Moreover, initial damages estimates do not necessarily reflect accurately what a case would be worth if successfully litigated and certainly do not undermine plaintiff's success, particularly given the fact that he obtained injunctive relief.  The Court is entirely unpersuaded by Restaurant's proposed proportionality ratio, which is inconsistent the legal authority cited above.  *See City of Riverside*, 477 U.S. at 578 ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts.  This is totally inconsistent with Congress' purpose in enacting § 1988."); *but see Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 905 (9th Cir. 1995) ("a district court does not abuse its discretion when it resorts to a mathematical formula, even a crude one, to reduce the fee award to account for limited success.") (citing cases).

Third, Restaurant fails to account for the public benefit that plaintiff obtained through injunctive relief as a result of the settlement. *See Fischer*, 214 F.3d at 1120–21 (holding that the plaintiff obtained a "significant victory," even though the plaintiff's success resulted in nothing more than the defendant adding a few sentences to a preexisting nondiscrimination policy, when compared to the goal of the ADA claim). "One of the purposes of the ADA is to provide people with disabilities access to places of public accommodation." *Id.* at 1120 (citing 42 U.S.C. § 12182(a).) When plaintiff filed his ADA claim, he sought an injunction to remove barriers and improve access to the Claim Jumper Restaurant for himself and other similarly situated individuals. Ultimately, plaintiff achieved his goal via settlement. The settlement will increase access to public accommodations. In relation to what plaintiff originally sought from his ADA claim, the settlement agreement was a meaningful victory.

Finally, as has been recognized by other courts, "limiting fee awards by the amount of damages recovered would be especially inappropriate where the amount of fees was driven up by the defendants' resistance to the lawsuit." *Blackwell*, 724 F. Supp. 2d at 1077 (citing *Lipsett v. Blanco*, 975 F.2d 934, 939 (1st Cir. 1992)). Such is the case here, where a substantial amount of the time expended in litigation, specifically *all motion practice*, was directed to Restaurant, first in the form of a motion to strike Restaurant's extensive list of affirmative defenses, and second, with respect to the instant motion.

For the reasons stated above, the Court finds that plaintiff is a prevailing party who achieved meaningful success and thus a blanket "limited success" reduction is inappropriate.

### ii. Apportionment for Proportion of Liability

Restaurant urges the Court to apportion attorney's fees based on liability.[5] Restaurant argues that it should not be held liable for common area parking lot and paths of travel claims

---

[5] In arriving at its desired "proportion" of fees, Restaurant again engages in simple mathematical proration. Restaurant claims that 12 of the 33 conditions sought by plaintiff related to the common area, over which Restaurant had no control. Restaurant thus claims it is entitled to have its fees reduced accordingly, meaning that Restaurant should only be accountable for 64% of any attorney's fees award. (Dkt. No. 49 at 19–20.) Next, Restaurant argues that it is entitled to an additional reduction because Landlord is "jointly liable" for the 21 claims for which Restaurant was liable. (Dkt. No. 49 at 20.) Thus, Restaurant maintains that its 64% share of liability should be halved, resulting in liability for only 32% of total fees awarded. (Dkt. No. 49 at 20.)

because they neither leased nor controlled those areas.  (Dkt. No. 60 at 5.)  Further, Restaurant claims that plaintiff's fees should be reduced proportionately because both Claim Jumper and Landlord are liable for tenant areas.  (Dkt. No. 49 at 19–20).  In sum, Restaurant argues that it is entitled to a 68% reduction in plaintiffs fees based on Landlord's purported sole liability in the common area and the defendants' joint liability in the tenant area.  (*Id.*)

The Court is not convinced.  Courts have consistently held that landlords and tenants are jointly and severally liable for violations of the ADA and, accordingly, are jointly and severally liable for attorney's fees.  *See, e.g.*, *Blackwell*, 724 F. Supp. 2d at 1075 ("[A]ll defendants signed the Consent Decree; and all are jointly and severally responsible for plaintiff's attorney fees.").  It has also been held proper for a court to award fees against one defendant for time spent litigating against another.  *Id.* (citing *Californians for Responsible Toxics Mgmt. v. Kizer*, 211 Cal.App.3d 961, 976 (1989)).

However, in other civil rights cases, the Ninth Circuit has held that apportionment of liability for attorney's fees is warranted in certain instances.  *See Sable Communications of California v. Pacific Telephone & Telegraph*, 890 F.2d 184 (9th Cir. 1989); *Woods v. Graphic Communications, Inc.*, 925 F.2d 1195, 1206 (9th Cir. 1991); *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1125–26 (9th Cir. 1981).  In determining if apportionment is appropriate, "the court focuses on the time expended by the plaintiff in pursuing each defendant, rather than on relative liability."  *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1075, 1075 n.4 (9th Cir. 2005) (finding no basis for apportionment where there was no gross disproportion in time expended and where the "bulk" of the fees were subsumed in counsel's general litigation billings); *Kalani v. National Seating*, 2014 WL 3956669, *5 (E.D. Cal. Aug. 13, 2014) (finding the "grossly unequal" standard met where only one defendant overly litigated a case).  A district court may apportion fees "when the time expended by the plaintiff in pursuing each defendant was grossly unequal," *Corder v.*

In its reasoning, this argument is similar to Restaurant's contention that time entries that they contend relate to plaintiff's litigation against defendant Landlord only should not be recoverable against Restaurant.  For the reasons stated above, the Court was not persuaded there. For the reasons stated here, the Court remains unpersuaded.

United States District Court
Northern District of California

1    *Gates*, 947 F.2d 374, 383 (9th Cir. 1991), or "between successful claims and unsuccessful claims,"

2    *El-Hakem*, 415 F.3d at 1075.

3            Neither circumstance presents in the instant case.  There has been no "grossly unequal"

4    expenditure of time relative to each defendant here.  As discussed above, plaintiff prosecuted

5    claims against both Restaurant and Landlord simultaneously, and claims against each were

6    similarly successful.  Thus, based on the standards articulated above, apportionment is not

7    warranted.

8            The above finding is sufficient to deny Restaurant's motion for apportionment.  However,

9    because the substantive arguments of counsel have so seriously strained credulity, the Court

10   addresses this subject in somewhat more depth.  In support of their apportionment argument,

11   Restaurant offers self-serving mathematical calculations in what can only be understood as an

12   attempt to obfuscate.   Restaurant has argued strenuously that it should not be held accountable for

13   fees based on claims that it maintains does not pertain to Restaurant, and that based on that

14   purported lack of liability, Restaurant is entitled to a vast reduction in fees.  As the Court noted

15   above, however, there has been no conclusive finding of no liability as a matter of law, as

16   Restaurant assumes.  *Cf. Kohler.*  Moreover, evidence of record suggests that a material dispute

17   exists over whether there is such liability.  (*See* Dkt. No. 50-2 at ¶ 7(d) ("if any major store in the

18   Center has the right to and does maintain any portion of the Common Area allocable to its premises

19   . . .").)

20           More importantly, however, the time records provided by Mr. Gong conclusively establish

21   that the great bulk of the time at issue in this case was spent litigating against *Restaurant*, not

22   Landlord.  The entirety of the motion practice in this case was directed to Restaurant alone.  First,

23   plaintiff's motion to strike was directed to Restaurant.  Second, the instant motion practice, for

24   which the Court required supplemental briefing and a hearing, concerns only Restaurant, not

25   Landlord.  If anything, the time expended in this case tilts overwhelmingly toward Restaurant.  For

26   Restaurant to suggest that 68% of the fees in this matter should be attributed solely to Landlord is

27   thus sharply at odds with ordinary conceptions of fairness.  *See e.g., Blackwell*, 724 F. Supp. 2d at

28   1077 (noting that limiting fee reduction based on damages award "would be especially

inappropriate where the amount of fees was driven up by the defendants' resistance to the lawsuit") (citing *Lipsett*, 975 F.2d at 939).

Accordingly, the Court finds it inappropriate to reduce plaintiff's fees under Restaurant's preferred theory of apportionment.

### E. New Evidence Presented in the Reply Brief

In his initial motion, plaintiff claimed $6,160 in litigation expenses for plaintiff's expert, Bassam Altwal, and $771 in costs, for filing and service fees. (*See* Dkt. No. 42 at ¶ 13; *see also* Civ. L. R. 54-1.) Restaurant objected to the expert fees as unspecified, based on hearsay, and lacking a meaningful description. (*See* Dkt. No. 49 at 16–17.) As part of his reply brief and attached declarations, plaintiff provided evidence substantiating these expenses and costs. (*See* Dkt. No. 54–56.) Restaurant filed its objection to reply evidence, seeking to exclude this evidence. (Dkt. No. 57; *see also* Civ. L. R. 7-3(d)(1).)

Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to prevailing parties; it is incumbent upon the losing party to demonstrate why the costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted). In addition, the Court has discretion to consider evidence plaintiff offered in conjunction with his reply brief where defendants have been given an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ( "We agree with the Seventh Circuit, which held that "[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (citing *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)).

The Court finds Restaurant's argument unpersuasive. Restaurant appears to misapprehend the relevant rule regarding what may, and what may not, be contained in a reply brief. Restaurant relies primarily on cases concerning the exclusion of *arguments* newly raised in reply briefing and provides no controlling authority that compels a court to disregard evidence by virtue of the fact that it was submitted with a reply. Indeed, the Local Rule contemplates that evidence *may* be submitted in connection with a reply brief and provides the opposing party an opportunity to object. Civ. L. R. 7-3(d)(1). Although it styles its response to this evidence as an objection, Restaurant has

United States District Court
Northern District of California

22

offered no reasoned basis for excluding the proffered evidence on any evidentiary ground, and the Court can discern none.  The evidence is therefore admitted.

### F.  Bill of Costs

Restaurant claims that plaintiff is not entitled to recover costs because he did not file a Bill of Costs pursuant to Local Rule 54-1.  (Dkt. No. 49 at 19; *see also* Civ. L. R. 54-1.)

The argument borders on frivolous.  Again, there is a presumption in favor of awarding costs to prevailing parties; and it is incumbent upon the losing party to demonstrate why the costs should not be awarded.  *Stanley*, 178 F.3d at 1079 (citation omitted).  Moreover, the Local Rule defendants claim was violated sets a deadline for filing the bill of costs at "no later than 14 days after entry of judgment or order under which costs may be claimed."  Civ. L. R. 54-1(a).  No judgment has been entered in this case, and no order has been entered such that the fourteen day period has even begun.

Furthermore, a plaintiff can be awarded costs before a Bill of Costs is filed.  *See Moralez*, 2013 WL 3967639, at *7 (awarding plaintiff fees and costs even though no Bill of Costs was submitted and ordering plaintiff to submit a bill of costs subsequent to the order).  Plaintiff submitted declarations with invoices, billings, and receipts to document and support his costs as part of his Reply Brief.  (Dkt. No. 55.)  As there is a presumption in favor of awarding costs, the Court accepts the submitted declaration as reasonable and awards plaintiff's requested costs of $771.  *See Moralez*, 2013 WL 3967639, at *7 ("Even without a Bill of Costs, the Court is able to determine the reasonableness of plaintiff's counsel's costs, as plaintiff has provided all relevant invoices, billings, and receipts.").

Plaintiff's request to recover costs is therefore **GRANTED**.

### G.  Offset for Landlord Settlement

The Court finds that it is appropriate to offset plaintiff's fees for the attorney's fee settlement with Landlord.  On December 22, 2014, plaintiff settled his claims for attorney's fees with Landlord for $10,000.  (*See* Dkt. No. 42 at 10:11-14.)  Because plaintiff is the prevailing party in this ADA case, he is entitled to an award of reasonable attorney's fees.  *See* 42 U.S.C. § 1988.  However, attorney's fees are not awarded to punish defendants.  Instead, fees are awarded to

encourage meritorious civil rights actions by ensuring reasonable compensation for victorious plaintiffs' attorneys. *Corder*, 947 F.2d at 383. Since plaintiff has settled his attorney's fees against Landlord for $10,000, that amount must offset the attorney's fees awarded from the non-settling defendants here. *See Corder v. Brown*, 25 F.3d 833, 840 (9th Cir. 1994). "If an offset is denied, the plaintiff's attorney may receive a windfall. A windfall would be manifestly unreasonable." *Id.* Accordingly, the Court reduces the lodestar award by $10,000.

## IV.   SUMMARY OF ATTORNEY'S FEES AND COSTS AWARDED

In sum, the Court awards attorney's fees, litigation expenses, and costs as follows:

| ATTORNEY'S FEES | | | |
|---|---|---|---|
| | **Hours** | **Hourly Rate** | **Total** |
| Lodestar Figure | 164.6 | $525 | $86,415.00 |
| Offset | | | $10,000.00 |
| Fees Total | | | **$76,415.00** |
| EXPENSES AND COSTS | | | |
| Litigation Expenses | | | $6,160.00 |
| Costs | | | $771.00 |
| **TOTAL AWARD OF FEES AND COSTS** | | | **$83,346.00** |

## V.   RESTAURANT'S NOTICE OF OPINION

On March 25, 2015, Restaurant filed a notice of opinion concerning the Ninth Circuit's recent decision in *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260 (9th Cir. 2015). (Dkt. No. 62.) In its notice, Restaurant included further argument on why it believes *Kohler* aids its opposition to plaintiff's motion for attorney's fees.

Civil Local Rule 7-3(d)(2) expressly forbids argument in connection with Statements of Recent Decision:

> Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion – ***without argument***.

United States District Court
Northern District of California

24

Civ. L. R. 7-3(d)(2) (emphasis supplied).  By including argument, Restaurant's submission is in violation of this rule.  In response to the notice, plaintiff filed a request for leave to file a response and objection, in which counsel identified the deficiencies in Restaurant's notice.

The Court considered the decision, but the substantive argument in Restaurant's notice is **STRICKEN**.

## VI.   CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** plaintiff's motion for attorney's fees, litigation expenses, and costs.  Restaurant is ordered to pay plaintiff **$83,346.00.**

In addition, as set forth above, Restaurant's motion to file under seal is **DENIED without prejudice**.  Within ten (10) days of this order, Restaurant shall file a renewed motion to file under seal in conformity with Civil Local Rule 79-5.  Plaintiff shall thereafter file a declaration in conformity with that rule setting forth what basis exists for filing the settlement agreement under seal.

This terminates Docket Nos. 41 and 52.

**IT IS SO ORDERED**.

Date: April 24, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California